## Cummins *against* Scott.

An action will not lie by a justice of the peace against a person married by him, and another, for maliciously conspiring together to induce the said justice to marry the defendant to a minor, whereby he was subjected to a penalty of 50 pounds.

ERROR to the common pleas of *Allegheny* county.

This was an action on the case for a conspiracy, and in which the plaintiff filed the following declaration.

George Scott and Patrick Baily, late of said county, yeomen, were summoned to answer James Cummins, of a plea of trespass on the case, and whereupon the said plaintiff by Wilson M'Candless, his attorney, complains, for that whereas, the said plaintiff, on the 14th day of June, A. D. 1835, and before and since, hath been, and now is, one of the justices of the peace, in and for the county aforesaid, and whereas, on the day and year aforesaid, at the county aforesaid, the said defendants, well knowing the minority of one George Scott, and that he was incapacitated and forbidden by the laws of this commonwealth, to contract and be given in marriage, being in his said minority, without the consent of his parents, in this case had and obtained, and contriving and wickedly and maliciously intending to injure, oppress and damnify the said plaintiff, and cause him to forfeit and pay the penalty of 50 pounds hereinafter mentioned, did conspire, confederate and agree together, to cause and procure, and did in pursuance of such conspiracy, confederacy and agreement, cause and procure the said plaintiff, in his office and capacity of justice of the peace as aforesaid, to unite and join in marriage, the said George Scott, being in his minority, and without the consent aforesaid, with one Nancy Cull, by falsely, wickedly and maliciously, representing and declaring to him, the said plaintiff, that he, the said George Scott, was of full legal age, and capable of contracting and being joined in marriage, aforesaid, to wit, on the day and year aforesaid, at the county aforesaid; and whereas, on the day and year aforesaid, at the county aforesaid, a certain John Scott, a parent of the said George Scott, the minor aforesaid, so joined and united in marriage, as aforesaid, prosecuted out of the district court of Allegheny county, to November term 1835, No. 12, of said term, his summons in debt against the said plaintiff, to recover of and from the said plaintiff, the sum of 50 pounds, the penalty given to the party aggrieved, by the 2d sect. of

the act of assembly of the 14th of February 1829–30, entitled a supplement to an act, for the preventing of clandestine marriages; and on the 2d day of February 1836, by the verdict and judgment of said court, to wit, at the county aforesaid, the said John Scott, the parent of the said minor, recovered the sum of 133 dollars of debt, the penalty aforesaid, and also, the further sum of 150 dollars, costs of suit, and the said plaintiff further saith, that in addition to the sums aforesaid, he was compelled to expend, and did expend, in conducting his defence to the said suit, large sums of money, to wit, the sum of 100 dollars, and has been injured and put to great trouble and inconvenience, because of the said conspiracy and agreement of the said defendants, the false, wicked and malicious representations and declarations of the said defendants, and the writ instituted and money recovered from him, and expenses by him, as aforesaid, to wit, at the county aforesaid, to the damage of the said plaintiff, 400 dollars; and therefore, he brings suit. &c.

The court below (Dallas, president) instructed the jury that the plaintiff was not entitled to recover.

*M'Candless*, for plaintiff in error, cited 2 *Wend.* 385; 1 *Vent.* 12; 1 *Saund.* 229, *in note* 4; 1 *Com. Dig., Action on the Case for Conspiracy, A,* 224; 1 *Call* 250.

*Hamilton* and *Forward*, contra, cited 14 *Serg. & Rawle* 288; 7 *Mass.* 73; 5 *Rawle* 120; 2 *Saund.* 314; 1 *Stark. Rep.* 423; 2 *Com. L. Rep.* 454; 2 *Peck.* 623; 2 *Watts* 1.

The opinion of the Court was delivered by

Gibson, C. J.—It is said by Hawkins, B, 2, ch. 23, sect. 2, that a naked lie is not indictable; and it might, *a fortiori*, seem that it is not actionable for the reason given, that it is less dangerous when unaccompanied with a token or device. It appears, however, that the office of tokens and devices, which are only the indices of a general intent to defraud, is not to aggravate the turpitude of the act, but to raise it above the level of a private injury, by giving it a public character; and it seems to be agreed, that most of the wrongs included in the definition of Hawkins, are now redressed by action only. 3 *Chit. Cr. Law* 994. But whatever be the restriction put on the public remedy, it is certain that actions have been maintained, from the earliest times, for private wrongs effected indifferently by false tokens or fraudulent representations; as is shown, among other instances, by the anonymous case in *Skinner* 119, where the defendant responded in damages, for having procured the plaintiff to marry him, by affirming himself to be single; as well as by the familiar and more modern instances of actions, for fraudulently representing an insolvent trader to be worthy of credit. The general principle therefore is, that such an action lies; subject, however, to the limitation put on it in Vernon *v.* Keys, 12

[Cummins v. Scott.]

*East* 632, that it be for something more than a gratuitous dictum about a fact which the speaker was not bound to disclose, and on which it was the folly of the hearer to rely. In the case at bar, it is undoubtedly true, that the damage sustained, and not the conspiracy, is the substantive ground of the action—a principle which makes it unimportant, that object was not in fact to prejudice the plaintiff—still, there is another, and an insuperable impediment in his way. The principal, perhaps the only design of the penalty, would be prostrated, were the offender suffered to reimburse himself. Had no more than compensation been intended, a power to graduate it to the injury would doubtless have been given; for it could not have been supposed that the true measure of it would be the same in all cases, or that 50 pounds would be adequate in any case; yet its adequacy to correction, is undoubted. Would it be so, if the offender might harbour a thought of reimbursement? A possibility of it would gain from him a more ready compliance with solicitation; and that furnishes a decisive reason for precluding the hope of it. To sustain his action would induce more danger of conspiracy against the parent than there is, at present, of conspiracy against the magistrate. To secure him from consequences, would require no more than a precautionary declaration by the married couple, of freedom from adverse obligation; for no master or parent would sue for the penalty, were it the ultimate effect of his action to consign the apprentice or child to a prison, and thus even compensation would be eluded. The result would be, to give an action to the father against his child! Why should an offender have an action for what is his negligence as well as wrong? The letter of the statute is a guide which cannot deceive him, and when he chooses, in preference, to follow the dictates of his fancy, he cannot complain that it has misled him. His coadjutor is not more culpable than he; and it comports not with the policy of the law to interfere between them.

Judgment affirmed.